UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUALITY ENERGY SERVICES, INC. | CIVIL ACTION NO. |
| VERSUS | SECTION " " |
| GREYHOUND ENERGY, LLC | MAGISTRATE " " |

## COMPLAINT

The Complaint of Quality Energy Services, Inc., a Louisiana corporation with its principal place of business in the State of Louisiana, with respect represents as follows:

1.

The plaintiff herein is:

a) **QUALITY ENERGY SERVICES, INC**. ("QES"), a domestic (Louisiana) corporation domiciled in the Parish of Lafayette, State of Louisiana and maintaining principal offices in the Parish of Terrebonne, State of Louisiana, and the Parish of Lafayette for its different divisions.

2.

The defendant in this initial Complaint is:

a) **GREYHOUND ENERGY LLC,** ("Greyhound") a foreign (Delaware) liability company authorized to do and doing business in this judicial district, maintaining its principal place of business in Houston, Texas. Greyhound can be served through its registered agent in Louisiana, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard , 601 Poydras Street, Suite 2775, New Orleans, LA 70130.

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this matter is a civil action between citizens of different states with an amount in controversy in excess of $75,000, exclusive of interest and costs. As an alternative basis for jurisdiction, this Court has jurisdiction over the claims because the work performed by plaintiff for the benefit of defendant involved an open account formed for the purposes of performing operations and work on the outer Continental Shelf for the exploration, development, or production of minerals, subsoil, and seabed of the Outer Continental Shelf.

4.

Venue is proper in this, the Eastern District of Louisiana, because the open account / contract at issue was formed within this judicial district, specifically in Terrebonne Parish. Defendant, Greyhound, is amenable to service in this judicial district.

### GENERAL ALLEGATIONS
*(The Parties and Their Relationship to One Another)*

5.

QES is a Louisiana company headquartered in Broussard, Louisiana with offices in Houma and Broussard. QES provides Valve & Wellhead and Marine Services out of its Houma office and Wireline, E-Line and Cased Hole out of its Broussard office. Executive accounting, contracts and accounts are maintained out of its Houma location by its Chief Financial Officer who is resident in Houma. These services are all rendered in support of the oil and gas industry in the Gulf of Mexico.

6.

In November of 2023 or thereabouts, QES was engaged to provide well services to defendant, Greyhound at Well Number CA-15 in the South Marsh Island Block 41.  The work was assigned Job Number LW-10866 and was assigned as well an AFE or "Authorization for Expenditure" number. That number, unique to this job, was R2050-2-23-SMI4120CA-15. This number is specifically referenced on the invoice from QES to Greyhound, both paid and unpaid, attached hereto as Exhibits "C" and "D" which are incorporated herein in their entirety by reference as part of QES's factual allegations.

7.

On November 12, 2023, as is reflected in the documentation supporting the two invoices 0098680-IN and 0098681-IN, QES mobilized personnel and equipment for this particular job. The referenced invoice attached as Exhibit "C" is stamped "approved" by defendant, Greyhound Energy. The charges reflected in Exhibit "C" were recently paid and the invoice is attached simply to show that the invoice issued under the referenced AFE number was approved by Greyhound and that the two invoices were for the same job. Exhibit "D", issued under the same AFE number, remains unpaid for services and equipment rendered at the same location, South Marsh Island or "SMI" 41.

8.

On November 29, 2023, in the regular course of business, plaintiff, QES, issued the two attached invoices, at Greyhound's direction, to Greyhound Energy, LLC, the smaller of which was paid, albeit well past its due date, on March 1, 2024, as referenced above.

9.

The unpaid invoice attached hereto as Exhibit "D", despite being received, acknowledged, and approved has not been paid by Greyhound. As of the date of this complaint, the invoice has not been contested in any way. Plaintiff further contends that not only has the invoice not been paid or contested, but Greyhound's liability therefore has been admitted.

10.

Attached hereto as Exhibit "E" and incorporated herein by reference are a series of emails by and between Jordan Orgeron, the Chief Financial Officer of QES, and various employees of (1) Sanare Energy Partners, an affiliate of Greyhound, and (2) Charles Rougeau, the President and Chief Executive Officer of defendant, Greyhound.

11.

While no MSA or other billing arrangement exists between QES and Greyhound, the terms as set forth on the invoices are "Net-30," meaning that payment, in order to be timely, was due on December 29, 2023. Payment was not received.

12.

On January 9, 2024, QES enquired as to the status of payment. In that email sent to Brent Granger with a carbon copy to, *inter alia*, Charles Rougeau, Mr. Orgeron specifically asked whether there were any issues with getting the invoices approved. After following up again on the 12TH of January, Mr. Orgeron was advised that the invoices were in fact "approved." (See Exhibit "E", Page 2 of 6). The invoices attached hereto as Exhibits "C" and "D" and the amounts thereof were specifically referenced.

13.

Two weeks after being advised that the invoices were "approved" QES followed up with Charles Rougeau at Greyhound concerning the status. In that email Mr. Rougeau admits that the payments are outstanding and details therein (See Exhibit "E", Page 1 of 6) why it has not made payment. None of these reasons are defenses to Greyhound's liability for the charges or are defenses to the claims asserted herein.

14.

In the same email, defendant Greyhound, promised to pay a portion of the invoices in January and a portion in February. No payments were received in either January or February.

15.

One payment of $16,825.00 for one of the invoices was received on March 1, 2024.

16.

As of the date of the filing of this complaint, the principal amount due and outstanding for the remaining unpaid invoice totals ONE HUNDRED NINETY THOUSAND, SEVEN HUNDRED FIFTY-THREE AND 78/100 UNITED STATES DOLLARS ($190,753.78).

**SPECIFIC ALLEGATIONS**
**COUNT 1**
**(Failure to Pay Monies Owed under Open Account)**

17.

Plaintiff, QES, reasserts and re-alleges the allegations contained in paragraphs 1-16, *inclusive,* as if pleaded herein *in extenso.*

18.

Plaintiff, QES, specifically avers that the work performed, and equipment utilized at the location designated in the invoice attached as Exhibit "D" was as requested, in good faith and rendered in an appropriate manner. It is further alleged that the services provided by QES to Greyhound were provided on open account as that term is defined under Louisiana law, specifically La. R.S. 9:2781.

19.

QES specifically avers that the invoice relative to the goods and services in question provided on open account was directed to the appropriate company representatives and moreover that the invoices have in fact been approved. There is at present no dispute as to the validity of the amount of or obligation to pay the attached invoices. Greyhound simply has not paid.

20.

QES avers that the emails demanding payment sent by its CFO to Greyhound satisfy the written demand requirement of La. R.S. 9:2781.A.

21.

There has been no specific agreement as to the amount of attorney's fees owed or the rate of interest, and as such plaintiff, QES, avers that it is entitled to reasonable attorney's fees incurred both before and after judgment is rendered as well as interest at the legal rate.

22.

Considering the foregoing, QES specifically avers that it is entitled to recover all amounts due to it, as well as legal interest thereon, attorneys' fees and costs of collection and other costs as may be taxable in accordance with La. R.S. 9:2781.

**WHEREFORE**, plaintiff, Quality Energy Serivces, Inc., prays for judgment in its favor against the defendant, Greyhound Energy, LLC awarding plaintiff ONE HUNDRED NINETY THOUSAND, SEVEN HUNDRED FIFTY THREE AND 78/100 UNITED STATES DOLLARS ($190,753.78), together with costs, legal interest, attorneys fees, and all other equitable relief as this honorable court deems just and proper.

DATED:  Wednesday, March 13, 2024.

Respectfully submitted:

**BOHMAN | MORSE, LLC**

s/ Martin S. Bohman
MARTIN S. BOHMAN (Bar #22005)
HARRY E. MORSE (Bar #31515)
400 Poydras St., Suite 2050
New Orleans, Louisiana 70130
Telephone: (504) 930-4009
Facsimile: (888) 217-2744
Email : martin@bohmanmorse.com
Email : harry@bohmanmorse.com

*ATTORNEYS FOR QUALITY ENERGY SERVICES, INC.*